You may be seated. The clerk will call the next case. 3-15-07-50. People of the State of Illinois. Appellee by Jasmine Morton. Persistentian, Acevedo. Appellant by Ricardo Munoz. Mr. Munoz you may proceed. May it please the court and counsel. Ricardo Munoz for Damien Acevedo in this matter. First of all, our initial issue was whether the trial court erred during our motion for sanctions due to discovery violation by not barring the arresting officer from testifying after having found the evidence. We found that there was a discovery violation pursuant to People v. Cladis. I guess the first question would be was there a discovery violation? I think the answer is easily yes. The state didn't contest it. I think they pretty much conceded to that. They didn't file a motion to reconsider the court's finding to that matter. So I would suggest moving past that issue. Now the question is going to be sanctions. We asked court to sanction pursuant to what Cladis suggested, which is barring the police officer from basically from testifying to what would have been on the video that was destroyed in our case. And that's similar thing to what happened in Cladis. There's a video that had existed, was destroyed, and in the middle of there, there was orders or as the court did in Cladis, they said well there was a notice to produce and we're going to suggest that the state is under an obligation to preserve evidence. In our case, we didn't do a notice to produce. We had a court order saying state, you've got to turn over the DVD or the video by a date. And that was not done. In fact, about a month and a half, two months later, we get a note from the state telling us the video was cracked, therefore it could not be downloaded, and therefore doesn't exist. And I would suggest to the court that is essentially Cladis. And so we were asking for the same sanctions as Cladis in our case. But it's really an abuse of discretion standard. Yes, it is. And you defer a lot to the trial judge's discretion. I understand. I understand, which is why I guess I'm making, drawing my similarity to Cladis as to how similar it is. And I know we did that at the trial court as well. But that's also, I guess my point here is the... I mean, in an abuse of discretion standard, it could well be that in some cases they could go this way, and in other cases that way, and they're both, it's not an abuse of discretion. Understood. And I guess, you know, to bootstrap the second point that we're making, and the state suggests, you know, in their brief, that the burden is shifting, which is the sanction in this case, is a neutral reason. Therefore, there's no foundation that needs to be laid. But if we take their logic to the end, that means that there is no sanction. The sanction has no real effect. And if that's the case, that's where the abuse of discretion is abused. Because... Let me... Sorry. That's okay. Can I take you off of my... The sanction you're asking for is that the cops can't testify to anything that the video would have shown. Correct. So you could say, gee, the video would say cops says A, but the video shows B. Would the video... The video would not have shown the PBT test results, would it? I think it would have. And because the officer did testify that the video, you know, what was on the video would have been her stop of... Or her stop, meaning when she approached the scene. But the portable breath test. Right, but that would have been... Unless you held the meter up right in front of the camera, I don't think... Oh, you mean the result itself? Yeah. Oh, I'm sorry. I'm sorry. And so you show them giving him one, but as far as the result of that test, that wouldn't have been shown in the video. More than likely not, but certainly the taking of the test and therefore the officers telling us what the result was. And that's where I guess I was trying to bootstrap the argument. The state's saying, well, it's being burden shifted for a mutual reason. But if that's the case, that means the sanction had no real effect. So then isn't it true that if we're going to have a sanction, shouldn't it have? Shouldn't it actually be a sanction and not just something we're saying just for the sake of saying something? I think that the fact that the burden is shifting tells us we're contesting reasonable grounds to arrest for DUI. So therefore, that means the state's got to rebut that there was reasonable grounds. And in our case, if the officer was barred, well then, then we can just have, with our burden approved, we don't have to worry about it shifting or anything. We got to actually prove to the court with my client testifying and whether the court takes his credibility, whether he believes he's credible, he's not credible. Court decides at that point. And then if the burden shifts, it shifts. Now we're right on a normal situation. But because of the sanction, now we shift. And at that point, that becomes, you know, these two issues become intertwined. Because if it's a true sanction, well then the state must rebut the presumption that, or if you rebut the burden that, okay, there was no reasonable grounds to arrest for DUI. Reasonable grounds is part of the future body test. It's also the PBT, according to the case law. That's part of what the state can use. But pursuant to ORF, we're arguing that they have to show a proper foundation for the PBT. Unfortunately, you know, in the state of Illinois, the courts have not decided what a proper foundation for PBT is. Rosella suggests that we have to use ORF and uses that. That's the only other case I can see out there that suggests what a proper foundation may be if the burden shifts. And in our case, the burden did shift. So if it's a proper sanction, if it's a real sanction, then the state has to prove the foundation. If we're going to say, well, we don't have to prove the foundation because it's not a real sanction, then we're right back to that again. And then we have to have, then that's where we're suggesting it's an abuse of discretion. And certainly in the state's, sorry, in the court's ruling, the court ruled at the end, it says given all the observations here, I feel compelled to consider the PBT or the objection of the defense. And then he denied the petition to rescind, which suggests very strongly that the court was considering the petition, or sorry, the PBT as maybe overriding any other observations the officer made there. And additionally, what may be, I guess, if you will, makes our argument better is the fact that the trooper would ask questions about the PBT could not tell us some real basis. When was the machine last tested? What make and model was this machine? What's the difference there? I mean, we're here talking about a summary suspension, not a criminal conviction. Correct. And so do you think, and then the third rule's a little bit different. It's a burden of proof and standards and rules and proceedings for civil sanctions as opposed to criminal convictions. Well, the answer is yes, the rules are somewhat different, but when it comes down to reasonable grounds to arrest, they're pretty similar. According to what I've seen out of the case law, you hear, okay, it's reasonable grounds to arrest, but I've seen a lot of case laws saying it's akin to probable cause to arrest, which then we start marrying the two civil and criminal sides together at that point. And if that's the case, you know, this civil sanction certainly could have ramifications, you will, on the criminal case because certainly the same issues, if we were to file them, would be there too, like a motion to suppress evidence, for instance. Well, I guess what I'm at is, and even more, it's probably true in a criminal case, but even more so in a civil case, the admission of evidence is pretty much within the sound discretion of the trial court. Well, that's, I guess that would be the same in a criminal case, but honestly, I think it's actually more stringent in a civil case because we're talking about the evidence I'm talking about is mostly hearsay. We're talking about, okay, when was it last tested? Well, that would be some documents at the Department of State Police. That's a hearsay document, which wouldn't necessarily come into evidence at a civil proceeding, but in a criminal proceeding, we already have rules for that. Well, that might go more to its weight than its admissibility, wouldn't it? Right. Right. But in any case, our situation, the court, you know, was certainly interested in the preliminary broadcast and the number that it resulted. And I think that the trooper or the arson officers, you know, lack of knowledge about this machine, make a model of it, whether the Department of State Police even approved that model she was using. And I'm just using some of the determinations that ORF suggests that, you know, for foundation on the breathalyzer, and the trooper did not know any of those answers. The only thing she was able to tell us is that it looked like it was operating correctly on that day. And I think there needs to be more of a burden or more of a foundation than just that. And that's what we're suggesting. Otherwise, we're right back to it. Then the foundation of sanction wasn't really a sanction if we're not going to go that far. And I would suggest that we have, that the court should follow ORF, essentially, since the burden shifted. The state has to show a proper foundation. And I realize ORF is talking about a breathalyzer where it says, well, we were not under the influence, and that's enough to say that in ORF. And it was a criminal case, right? No, that was a petition to rescind. ORF was a petition to rescind. So that part is in alliance with what we're actually discussing here today. But in that case, the defendant was not contesting reasonable grounds. They were contesting the fourth ground, which is that submitted to a drug theft but was not over .10 at the time, you know. So that's what they're contesting in ORF. And versus in our case, which also goes over, which is we're contesting reasonable grounds, which is where the PBT comes in. Again, the statute having said, you know, it can be used for determination of probable cause. And at this point, we would suggest the state certainly has to lay a proper foundation. We're asking the court to make that determination and overrule the trial court on both the sanction as well as the foundation. Thank you. Thank you, Mr. Nunez. Ms. Martin. Good afternoon. May it please the court, counsel. My name is Jasmine Morton. I represent the people of the state of Illinois in this matter. Essentially in this case, the trial court invoked a proper narrowly tailored sanction. And the trial judge was not required to bar any testimony given by the trooper. Now, when the judge asked for recommendations for sanctions, counsel himself suggested a shifting in the burden in addition to barring testimony from the trooper. So these two suggestions were given by counsel, and the trial judge chose one of those options. And at that time, I would argue that counsel found that sanction to be appropriate and effective, as it was his suggestion. And this sanction was determined or agreed to by the judge based on the testimony of the trooper, based on evidence that was presented that, yes, a discovery violation occurred, yes, there should be a sanction, and this is the appropriate sanction for that discovery violation. So when they shift the burden, the case law that I've read runs out a lot of numbers that indicate once the burden has shifted, then a proper foundation has to be laid for the introduction of the chemical test, including the PBT. So why should this circumstance be any different than some of these other cases? So let me go back a little bit. When it comes to when the burden shifts, there are certain arguments that must be responded to. If the accuracy of the test was never called into question, it's not necessary for the state to respond to that particular issue. The defense counsel submitted a petition to rescind the summary statutory suspension, and within that petition there are about six boxes that you can check off, and one of those boxes was the accuracy of the PBT test. That wasn't checked off. He questioned the grounds, the reasonable grounds to believe that the defendant was driving or actually in physical control of the vehicle while being under the influence of alcohol, and was the defendant properly warned by arresting officers of section 11-501.1 of the Illinois Vehicle Code. So those were the two issues that the state was essentially responding to, not the accuracy of the test. The state decided to go above and beyond in including reasons why the police officer had probable cause to arrest by including the PBT test. Now, for the PBT test, counsel has cited ORF, which speaks specifically to breathalyzers, and as the court is aware. Can I interrupt for a second? Yes. At the hearing, there was an objection to using the preliminary breath test because there wasn't a foundation. Isn't that right?  So there was a timely objection during the hearing. Correct. There was an objection to the foundation, but the foundation wasn't objected to under ORF. Counsel just objected to a foundation in hearsay. And the state proceeded to lay foundation, talking about the trooper's training, certification. How can we identify what a DUI is? Have you taken any courses in that? No, I'm talking about the foundation that the preliminary breath test was accurate, that was working properly. Right. And after that objection was made, the state proceeded to ask about 10 questions that were laying the foundation for that breath test. And the trooper made it clear that the test self-checks, and if the PBT isn't working correctly, it will notify the trooper on the screen that the self-check isn't working or that it's improperly functioning that day. And he said that that wasn't the case. So when it comes to breathalyzer tests, those can be used in criminal proceedings. There's a much higher standard. ORF identifies that everything has to be in line with the Department of Public Health. And the questions that ORF requires for setting a proper foundation includes those Department of Public Health questions. Counsel didn't object that it wasn't in line with ORF. So ultimately, ORF doesn't apply to this case because we're dealing with a PBT and not a breathalyzer. And Rosella cites ORF, but citing DICTA. And that court didn't make a determination as to whether or not PBTs require more foundation than it would to admit any other piece of evidence. Let's hypothetically say we throw out the PBT. Then what? The state means burden even excluding the PBT? Absolutely. When this trooper stopped this car for improper lane usage, this individual was slurring a speech, had red glass over eyes, was swaying. The trooper had to put their hand on the defendant to make sure that they didn't fall down. Defendant couldn't finish all of the... So these things that would have been in the videotape, the trooper wasn't going to be able to testify to? If the trooper had been barred from testifying as to what occurred in the video? Because for the sanctions, if we were to reverse, there wouldn't be anything left, right? What you're saying is the officer was able to testify to that because of the agreement that was made regarding the sanctions to shift the burden? I guess I'm confused as to what you're saying. Justice Schmitt said that without the PBT, what would be left here? So three different field sobriety tests were given to this defendant that he agreed to. He failed to be able to complete those field sobriety tests or failed them. And the trooper had already testified to those things in his hearing? Yes. Okay. Yes. All that's been testified to. So he showed several different indications of being intoxicated, also admitting to the trooper that he had had beers that evening after a union meeting. So there were several different indicators separate and in part from the PBT test that indicate that this person was impaired, severely intoxicated. And I just want to go back a little bit. When it comes to CLADIS and the actual sanction that was given, in CLADIS the court made the argument that it seemed as though there was some sort of prosecutorial misconduct, that the state had several opportunities to rectify this issue and they hadn't. There have been no allegations of this in this case. The state has conceded that yes, there was a violation. Unlike CLADIS where the video was purged by the police department within 30 days of this incident occurring, in this case the downloaded squad card video was downloaded onto a DVD and somehow that DVD was cracked and was no longer able to be recovered. So this was an accident, but we can see that there was a violation of discovery and we agree to the sanction being in place. So I just wanted to clarify what CLADIS is actually referring to and how we are distinguishable of it. There are no further questions. We respectfully ask that this court affirm the judgment below. Thank you. Regarding the sanction, certainly it was narrow and did I suggest it? Yes. After the court was asking for other suggestions and if given more time, I probably would have come up with five or six other suggestions. But we were right there in front of the court and he's asking us for other ideas other than barring the trooper from testifying. The state didn't give any suggestions at that point. But the court did make it clear, even after I made the suggestion, it goes, but you are however requesting that the officer be barred. And I was certainly, I agreed that that's what we were asking for. So I was not agreeing to the sanction. I was just, if you will, I was trying to be helpful to the court. Next, counsel suggested that we can contest the PBT by checking a box in the petition to rescind. That is absolutely not possible. The only breath test that can be contested by the petition to rescind is a breath test in the station, the intoximeter that's in the station. PBT is only for public cause purposes, so the only way it can be contested is through the reasonable grounds to arrest part of the petition to rescind, which is what I've been suggesting. And because of that is certainly how we're suggesting. Don't you think the trooper's testimony, assuming it's admissible, established reasonable grounds to arrest exclusive of the PBT? Let's suppose the trooper tried to run it and it came out and says not working today. But do you think that the other testimony from the trooper established reasonable grounds to arrest for DUI? No. And the reason is because the trooper also testified that the observations that she made were also consistent with a person who would have had head injuries. Well, probable cause, you don't have to be right, you just have to be reasonable. The fact that there's an innocent explanation doesn't negate probable cause, does it? Correct, correct. But what I said earlier, with the trooper agreeing that it could be also the same evidence as a head injury, and my client testifying that he was injured. Except head injuries don't give you odor alcohol on your breath, do they? Not normally. And not unless you have a certain health condition to do that. But other than that, no, you're right. But that's also, I guess, that's also sort of the point here. If we had the video, we would be able to at least agree or disagree with what the trooper was observing. And if my client actually said, yeah, my head's hurting, did he actually say it in the video or is he just saying it in court? It comes down to credibility. And it comes down to credibility of both, actually. My client as well as the trooper. And last, I agree with the state. We're not suggesting that there was any bad actions here on the part of the state. And even a mutual reason is a reason for sanctions because of the discovery violation here. And I think we all agree that there was a discovery violation, and we are asking that this court reverse the trial court's findings on the sanction as well as the trial court's finding on the evidentiary ruling on overruling the foundation for the breath test. Thank you. Thank you, Mr. Munoz and Ms. Morton. Your arguments will be taken under advisement, and a written decision will be issued to you as soon as possible. And thank you for your arguments. And right now, I'm going to stand and recess until tomorrow morning. Looks right. This court stands at recess.